11-2864-ag
Weng v. Holder

BIA
A097 743 136

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand twelve.

PRESENT:
ROBERT A. KATZMANN,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

YANLING WENG, AKA YANLIN WENG,
    *Petitioner,*

v.                                          11-2864-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Susan Bennett Green, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanling Weng, a native and citizen of the People's Republic of China, seeks review of a June 21, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Yanling Weng*, No. A097 743 136 (B.I.A. June 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Weng's motion to reopen, filed in November 2010, was untimely because the BIA issued a final order of removal in December 2005.

Weng contends, however, that her recent conversion to Christianity and church attendance in the United States, coupled with the Chinese government's crackdown on underground churches and unregistered religious groups in

2

Fujian Province, constitutes a material change in country conditions, excusing the untimeliness of her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). We conclude that the BIA's denial of Weng's motion to reopen as untimely was not an abuse of discretion.

As the BIA determined, Weng's religious conversion and church attendance in the United States constitute self-induced changes in personal circumstances, which are insufficient to excuse the untimeliness of her motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Although Weng argues that the BIA abused its discretion by focusing on her conduct in the United States rather than on conditions in China, the time limitation on motions to reopen may not be suspended entirely because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States." *Id.; see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Moreover, the BIA's determination that Weng failed to establish a material change in country conditions in China is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). In considering

conditions in China, the BIA reasonably relied on evidence in the record at the time of Weng's merits hearing to conclude that "at best, [there are] continuing problems for unregistered Protestant groups in Fujian Province rather than any changed circumstances there." *In re Yanling Weng*, No. A097 743 136 (B.I.A. June 21, 2011). For example, as noted by the BIA, the United States Department of State's June 2004 report *China - Profile of Asylum Claims and Country Conditions* reflects that, at the time of Weng's merits hearing in 2004, repression of underground churches and unregistered religious groups was widespread, particularly in Weng's home province of Fujian. *Id.*

Weng's argument that the BIA "cherry-picked" evidence in support of its country conditions finding while ignoring other evidence demonstrating a material change in country conditions is without merit. *See Jian Hui Shao*, 546 F.3d at 171. Indeed, many of the very same country conditions materials cited by Weng as evidencing a material change in country conditions also reflect continuing problems for underground churches and unregistered religious groups in China. Given that the task of resolving conflicts in the record evidence lies "largely within the discretion of the

4

agency," *id.*, and the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *id.* at 169 (internal quotation marks and citation omitted), the record does not compellingly suggest that the BIA ignored any evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Although Weng argues that the BIA improperly discounted her letter from a fellow Christian in Fujian Province, which described a July 2010 raid on an underground church, the weight afforded to the applicant's evidence lies largely within the discretion of the agency. See *id.* at 342. In considering Weng's letter, the BIA reasonably concluded that, without the inclusion of details such as the frequency with which such raids occur, the letter was insufficient to demonstrate a widespread practice or a material change in country conditions.

Because the BIA did not reach the issue of Weng's *prima facie* eligibility for relief, we decline to consider Weng's arguments concerning the adequacy of her *prima facie* showing.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk